**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 2:13-cr-00039-5 |
| | : | |
| THOMSAINE TYNES | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                    **MAY 6, 2014**

      Presently before the Court is Defendant, Thomasine Tynes' ("Tynes") Motion to Dismiss and the Response in Opposition filed by the United States of America ("Government"). For the reasons set forth below, we deny the Motion to Dismiss.

**I.      BACKGROUND**

      This case involves criminal charges resulting from the federal investigation into an alleged widespread ticket-fixing scheme involving current or former Philadelphia Traffic Court ("Traffic Court") judges, the former Director of Records for the Traffic Court, and businessmen who had close relationships with various Traffic Court judges.[1] See Indictment. Tynes served as a Traffic Court Judge from 1989 until her retirement in 2012. (Tynes' Mem. Law Support Mot. to Dismiss at 4.) She served as the President Judge of the Traffic Court from 2005 until 2012. (Id.)  According to the Indictment, the Traffic Court was used by the alleged conspirators to give preferential treatment to certain ticketholders, most commonly by "fixing" tickets for those with whom they were politically and socially connected. Id. ¶ 1. Regarding the Defendants with

---

[1] Former Traffic Court Judges Fortunato N. Perri, Sr., H. Warren Hogeland, and Kenneth N. Miller have pleaded guilty. In addition, former Traffic Court Director of Records, William Hird, has pleaded guilty.

positions at Traffic Court, the Indictment charges that they:

> used their positions at Traffic Court to manipulate Traffic Court
> cases outside the judicial process, thereby achieving favorable
> outcomes on traffic citations for politically connected individuals,
> friends, family members, associates, and others with influential
> positions.  This manipulation, or 'ticket-fixing,' consisted of: (1)
> dismissing tickets outright; (2) finding the ticketholder not guilty
> after a 'show' hearing; (3) adjudicating the ticket in a manner to
> reduce fines and avoid the assignment of points to a driver's
> record; and (4) obtaining continuances of trial dates to 'judge-
> shop,' this is to find a Traffic Court judge who would accede to a
> request for preferential treatment.

Id. ¶ 30.  The Indictment states that "[i]n acceding to requests for 'consideration,' Defendants

were depriving the City of Philadelphia and the Commonwealth of Pennsylvania of money which

would have been properly due as fines and costs."  Id. ¶ 38.

As it relates to Tynes, "the Indictment alleges that she was a close friend of co-defendant

Robert Moy, a local businessman who provided Traffic Court services to his customers and at

times even guaranteed them favorable results on their citations."  (Tynes' Mem. Law Support

Mot. to Dismiss at 4-5.)  "The Government alleges prior to his clients' trials, Moy corresponded

with Tynes about which of Moy's customers were scheduled to appear before her, and Tynes then

allegedly provided consideration to these individuals by adjudicating them not guilty of their

charged offenses."  (Id. at 5.)  The Indictment charges Tynes with the following: conspiracy to

commit wire and mail fraud in violation of 18 U.S.C. § 1349; wire fraud, and aiding and abetting

wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; mail fraud, and aiding and abetting mail

fraud,  in violation of 18 U.S.C. §§ 1341 and 2; and perjury under 18 U.S.C. § 1623.  Id. at 67-73.

## II.    LEGAL STANDARD

"Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment be a plain,

concise, and definite written statement of the essential facts constituting the offense charged."
United States v. Huet, 665 F.3d 588, 594 (3d Cir. 2012).  "It is well-established that '[a]n
indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is
enough to call for trial of the charge on the merits.'"  Id. at 594-95 (quoting United States v.
Vitillo, 490 F.3d 314, 320 (3d Cir. 2007)).  The Court of Appeals for the Third Circuit ("Third
Circuit") has held that "an indictment is facially sufficient if it '(1) contains the elements of the
offense intended to be charged, (2) sufficiently apprises the defendant of what he must be
prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may
plead a former acquittal or conviction in the event of a subsequent prosecution.'"  Id. at 595
(quoting Vitillo, 490 F.3d at 321).  "'[N]o greater specificity than the statutory language is
required so long as there is sufficient factual orientation' to permit a defendant to prepare his
defense and invoke double jeopardy."  Id. (citing United States v. Kemp, 500 F.3d 257, 280 (3d
Cir. 2007)).  "Generally, an indictment will satisfy these requirements where it informs the
defendant of the statute he is charged with violating, lists the elements of a violation under the
statute, and specifies the time period during which the violations occurred."  Id. (citations
omitted)  "In contrast, if an indictment fails to charge an essential element of the crime, it fails to
state an offense."  Id. (citing United States v. Wander, 601 F.2d 1251, 1259 (3d Cir. 1979)).

**III.   DISCUSSION**

Tynes moves to dismiss Counts 60, 63 and 64 of the Indictment charging her with mail
fraud under 18 U.S.C. § 1341.[2]  (Tynes' Mem. Law Support Mot. to Dismiss at 6.)  "A

---

[2]The mail fraud statute, 18 U.S.C. § 1341, provides in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to

conviction under the mail or wire fraud statute requires that three elements be proven: (1) 'the existence of a scheme to defraud'; (2) 'the use of the mails in furtherance of the fraudulent scheme'; and (3) 'culpable participation by the defendant.'"  United States v. Fumo, 628 F. Supp. 2d 573, 582 (E.D. Pa. 2007) (quoting United States v. Pearlstein, 576 F.2d 531, 534 (3d Cir. 1978)).  "The 'in furtherance of' language in § 1341 encompasses both causation (focusing on 'knowledge and foreseeability') and purpose (focusing on the nexus between the [mailing] and the fraud)."  Id. (quoting United States v. Bentz, 21 F.3d 37, 40 n.3 (3d Cir. 1994)).  "A defendant must knowingly cause the use of the mails, and the mailing must be for the purpose of executing the scheme."  Id. (quoting United States v. Tiller, 302 F.3d 98, 101 (3d Cir. 2002); Kann v. United States, 323 U.S. 88, 94 (1944); 18 U.S.C. § 1341)).

Tynes argues that "[h]ere, the basis for charging [her] with mail fraud was the fact that three ticket citations, for which the accused each entered a plea of not guilty, were mailed to the Traffic Court."[3]  (Tynes' Mem. Law Support Mot. to Dismiss at 7.)  According to Tynes, "[s]ince

---

defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C.A. § 1341.

[3] The Indictment charges that the mailing of the not guilty plea portions of the three traffic citations to the Traffic Court were made by, or caused by, co-schemers Fortunato N. Perri, Sr., and Robert Moy on behalf of the ticketholders.  (Indictment at 49-51.)

ticketholders are required to mail their citations with the entry of a plea to Traffic Court in every instance and would have done so regardless of the ticket-fixing scheme operating within the Court, the charged conduct cannot form the basis for charging Ms. Tynes with mail fraud." (Id.)

The Government opposes Tynes' Motion by arguing that it is premature because it assumes "facts" not contained in the Indictment. (Govt.'s Resp. Defs.' Mots. to Dismiss at 26.) The Government states that Tynes' Motion to Dismiss argues that the mailings of the not guilty pleas were required by law and would have occurred whether or not a conspiracy to fix traffic tickets existed in the Traffic Court. (Id.) The Government points out that this statement is not in the Indictment, and there is no legal requirement to mail a not guilty plea to Traffic Court. (Id.) According to the Government,

> As the indictment states, when issued by an officer, all traffic citations list a date and a time for a summary trial. The ticket further informs the ticketholder that he or she **may plead guilty or not guilty** within ten days of the receipt of the citation. If the ticketholder did not notify Traffic Court of his or her desire to plead guilty or proceed to trial within ten days, Traffic Court mailed a Notice of Impending Suspension of Driving Privileges to the ticketholder. Indictment ¶ 12. Failure to send the not guilty plea to Traffic Court had no impact on the already scheduled trial date given to the ticketholder by the police officer.

(Id. at n.17.) Thus, the Government asserts that Tynes' Motion to Dismiss is premature because the facts necessary to belie her argument can only be established after evidence is heard by the jury and the Court. (Id. at 26.)

A challenge to the sufficiency of an indictment under Rule 12(b)(3)(B) "should be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it." Vitillo, 490 F.3d at 321. The allegations against Tynes in Counts 60, 63 and 64

track the language of 18 U.S.C. § 1341.  The facts alleged in the Indictment satisfy the elements

of the mail fraud offenses.  Specifically, the Indictment alleges that Tynes knowingly and

wilfully participated in a scheme to defraud, acted with the specific intent to defraud, and used or

caused the mails to be used in furtherance of this scheme.  See United States v. Pharis, 298 F.3d

228, 234 (3d Cir. 2002) (ruling that all that is required for mail fraud is that a defendant

knowingly participated in a scheme to defraud and caused a mailing to be used in furtherance of

that scheme); see also Schmuck v. United States, 489 U.S. 705, 710-11 (1989) ("It is sufficient

for the mailing to be incident to an essential part of the scheme . . . or a step in [the] plot.")

Tynes' argument that the charged conduct cannot form the basis for mail fraud is

premised upon the ground that the ticketholders are required to mail their citations with the entry

of a plea to Traffic Court in every instance and would have done so regardless of the ticket-fixing

scheme operating within the Court.[4]  We find that this argument assumes facts not contained

within the four corners of the Indictment, and, therefore, requires an assumption of facts that

cannot be made at this time.  Tynes' argument that the Government cannot establish that she

caused the mailings at issue essentially tests the evidentiary sufficiency of the case, rather than

the legal validity of the charges.  See Huet, 665 F.3d at 595 ("[A] pretrial motion to dismiss an

indictment is not a permissible vehicle for addressing the sufficiency of the government's

evidence.")  As such, Tynes' Motion to Dismiss is premature.  Consequently, Tynes' Motion to

Dismiss is denied without prejudice.

An appropriate Order follows.

---

[4]Tynes' argument appears to focus on the ticketholders' alleged mailing of their not guilty pleas; however, the Indictment charges that the not guilty pleas were mailed by, or caused to be mailed by, co-schemers Fortunato N. Perri, Sr., and Robert Moy on behalf of the ticketholders.